# UNITED STATES BANKRUPTCY COURT
NORTHRN **DISTRICT OF** ILLINOIS
EASTERN DIVISION

In re: VEORIA MABRY § Case No. 14-11646
§ Hon. PAMELA S. HOLLIS
§ Chapter 7
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/31/2014 .

The undersigned trustee was appointed on 03/31/2014 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S. C. § 522, or have been or will be abandoned pursuant to 11 U.S. C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                     $7,623.49

Funds were disbursed in the following amounts:

Payments made under an interim distribution
Administrative expenses
Bank Service Fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of [1]                     $7,623.49

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 08/15/2014 and the deadline for filing governmental claims was 09/29/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,512.35. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,512.35, for a total compensation of $1,512.35 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $9.04, for total expenses of $9.04 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/30/2014    By: /s/ ALLAN J. DeMARS
                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**EXHIBIT "A"       FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No.   14-11646                                                                                                  Trustee Name:   Allan J. DeMars

Case Name: VEORIA MABRY                                                                                     Date Filed (f) or Converted (c): 3/31/14 (F)

For Period Ending: 3/31/15                                                                                       §341(a) Meeting Date: 5/14/14

                                                                                                                                  Claims Bar Date: 8/15/14 (govt 9/29/14)

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** Ref # | | **Petition/ Unscheduled Values** | **Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA=§ 554(a) abandon** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1 | Residence: 1100 Tuscany Drive, Streamwood, IL | 185,000.00 | 0.00 | | | FA |
| 2 | 11605 Heritage Meadow Plainfield, IL | 290,000.00 | 0.00 | | | FA |
| 3 | checking acct Fifth/Third xxxx5479 | 3,599.50 | 549.50 | | 549.50 | FA |
| 4 | checking Nationwide 4636 | 511.18 | 511.18 | | 511.18 | FA |
| 5 | checking Bank of America 5105 | 12.99 | 12.99 | | 12.99 | FA |
| 6 | Chase checking 1712 | 1.89 | 1.89 | | 1.89 | FA |
| 7 | Fifth Third check 7692 | 5,929.22 | 5,929.22 | | 5,929.22 | FA |
| 8 | PNC checking 9985 | 5.00 | 5.00 | | 5.00 | FA |
| 9 | Nationwide check 4648 (u) | 500.96 | 500.96 | | 500.96 | FA |
| 10 | PNC checking 4882 (u) | 112.75 | 112.75 | | 112.75 | FA |
| 11 | household goods | 325.00 | 0.00 | | | FA |
| 12 | books, pictures | 125.00 | 0.00 | | | FA |
| 13 | wearing apparel | 900.00 | 0.00 | | | FA |
| 14 | costume jewelry | 500.00 | 0.00 | | | FA |
| 15 | Liberty Mutual term ins | 0.00 | 0.00 | | | FA |
| 16 | Mabry Agency | unknown | 0.00 | | | FA |
| 17 | estimated tax refund received pre-petition | 0.00 | 0.00 | | | FA |
| 18 | 2011 Mercedes Benz | 29,200.00 | 0.00 | | | FA |
| 19 | 2008 Saturn Vue | 7,650.00 | 0.00 | | | FA |
| 20 | 2011 Volkswagon Tiguan (u) | 13,500.00 | 0.00 | | | FA |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

| Case No.: | 14-11646 | | Trustee's Name: | Allan J. DeMars |
|---|---|---|---|---|
| Case Name: | VEORIA MABRY | | Bank Name: | WELLS FARGO |
| Taxpayer ID#: | XX-XXX3498 | | Initial CD #: | CDI |
| For Period Ending: | 3/31/14 | | Blanket bond (per case limit): | 5,000,000 |
| | | | Separate bond (if applicable): | |
| | | | Checking acct#: | XXXXXX9443 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 5/23/14 | Ref 3,4,5,6,7,8 Ref 9,10 | Veoria Mabry | turn over of non-exempt portion of checking accounts | 1129-000 $7,009.78  1229-000 $613.71 | 3811.74 3811.75 | | 7,623.49 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

```
                                      COLUMN TOTALS
                              Less: Bank transfers/CD       _____
                              Subtotal                      _____
                              Less: Payments to debtor(s)   _____
                              Net                             7,623.49        0.00        7,623.49
                                                                              NET
         TOTAL - ALL ACCOUNTS                             NET DEPOSITS   DISBURSEMENTS    BALANCES
         Checking# XXXXXX9443
         Money Market #                                     7,623.49        0.00         7,623.49
         Savings #
         CD #CDI
         Net                                                7,623.49        0.00         7,623.49
                                                         Excludes account  Excludes payments  Total Funds
                                                           transfers         to debtor        on Hand
```

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: 8/15/14; govt 9/29/14

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|---|
| | | | | |
| | | UNSECURED | | |
| 1 | 5/16/14 | Commerce Bank | 11,091.77 | 1,585.11 |
| 2 | 5/16/14 | Commerce Bank | 1,871.21 | 267.41 |
| 3 | | Earthmover Credit Union | WITHDRAWN | |
| 4 | 7/8/14 | Credit First NA | 789.74 | 112.86 |
| 5 | 8/6/14 | Capital One NA | 99.04 | 14.15 |
| 6 | 8/6/14 | PYOD,LLC assignee of Citibank | 17,551.91 | 2,508.32 |
| 7 | 8/6/14 | PYOD,LLC assignee of Citibank | 5,794.83 | 828.13 |
| 8 | 8/6/14 | PYOD,LLC assignee of Citibank | 3,265.91 | 466.73 |
| 9 | 9/11/14 | American Express Centurion Bank | 2,234.93 | 319.39 |
| | | | 42,699.34 | 6,102.10 |
| | | | | |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 14-11646
Case Name: VEORIA MABRY
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $7,623.49

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $7,623.49

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Trustee, Fees* | ALLAN J. DeMARS | $1,512.35 | $0.00 | $1,512.35 |
| *Trustee, Expenses* | ALLAN J. DeMARS | $9.04 | $0.00 | $9.04 |
| *Attorney for Trustee, Fees* | | | | |
| *Attorney for Trustee, Expenses* | | | | |
| *Accountant for Trustee, Fees* | | | | |
| *Accountant for Trustee, Expenses* | | | | |
| *Auctioneer, Fees* | | | | |
| *Auctioneer, Expenses* | | | | |
| *Charges,* | U.S. Bankruptcy Court | | | |
| *Fees,* | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses: $1,521.39
Remaining balance: $6,102.10

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Total Requested* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for          , Fees* | | | |
| *Attorney for          , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $6,102.10

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim No.* | *Claimant* | *Allowed Amount of Claim* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $6,102.10

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$42,699.34_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___14.3___ percent, plus interest (if applicable).

**UST Form 101-7-TFR (5/1/2011)**

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Commerce Bank | $11,091.77 | $0.00 | $1,585.11 |
| 2 | Commerce Bank | $1,871.21 | $0.00 | $267.41 |
| 4 | Credit First NA | $789.74 | $0.00 | $112.86 |
| 5 | Capital One NA | $99.04 | $0.00 | $14.15 |
| 6 | PYOD, LLC assignee of Citibank | $17,551.91 | $0.00 | $2,508.32 |
| 7 | PYOD, LLC assignee of Citibank | $5,794.83 | $0.00 | $828.13 |
| 8 | PYOD, LLC assignee of Citibank | $3,265.91 | $0.00 | $466.73 |
| 9 | American Express Centurion Bank | $2,234.93 | $0.00 | $319.39 |

Total to be paid for timely general unsecured claims: $6,102.10
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00
Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**